UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CLARA FROHM** | **CASE NO. 2:22-CV-03508** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Pursuant to Rule 12(b)(6) Filed by State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company on the Issue of No Policy Issued by Movers that Would Provide Coverage for Loss Alleged by Plaintiff" (Doc. 17). As of this date, there has been no response/opposition to the Motion and the time for doing so has now elapsed.

### RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club,*

*Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Defendant informs the Court that the Complaint asserts insurance coverage under Policy number 18-GC-1149-9, and that the face of the Policy is issued solely by State Farm Fire & Casualty Company. Thus, it is clear that the Policy was not issued by State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company.[1]

## CONCLUSION

For the reasons set forth herein, the Motion to Dismiss State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company will be granted.

**THUS DONE AND SIGNED** in Chambers on this 25th day of August, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] See Defendant's exhibit A.